IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PARKER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6852 |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION, | : | |
|     Defendant. | : | |

<u>MEMORANDUM</u>

**GOLDBERG, J.**                                                                                                                                                  **MAY 20, 2025**

        Currently before the Court is a Complaint filed by Plaintiff Anthony Parker against the Social Security Administration ("SSA"). Parker seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Parker leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

        Utilizing a form Complaint, Parker filed this action *pro se* alleging that the SSA is incorrectly garnishing his Title II retirement benefits. Specifically, he avers that the "social security garnishment order" indicates that a total of $917 will be withheld from his benefits each month, but he contends that the Domestic Relations Section of Lehigh County ("DRS") is only receiving a total of $717 each month. (ECF No. 1 ("Compl.") at 4.) Parker avers that he has reported this discrepancy to the SSA and DRS "with no resolution." (*Id.*) He contends that this

---

[1] The factual allegations are taken from the Complaint (ECF No. 1) and his separately filed exhibits that contain a "Statement of Facts" (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system to all *pro se* submissions.

case involves Title IV-D of the Social Security Act over which this Court has authority. (*Id.* at 5.)

Parker avers that he filed for retirement social security benefits in February 2023 when he turned sixty-five. (ECF No. 2 ("Compl. Ex.") at 2.) In March 2023, DRS filed three separate child support orders totaling $960 per month. (*Id.*) Sometime later in 2023, one child support order was removed, reducing the total garnishment order to $917 per month. (*Id.*) Parker has attached letters from the SSA indicating that as of April 28, 2023, the SSA would withhold a total of $917.20 each month to "pay [Parker's] obligation for child support." (*Id.* at 3-4.) If Parker disagreed "with the decision of the court that issued the garnishment order," he was advised to "contact [the court] directly or have a lawyer do it for [him]." (*Id.*) Parker further contends that DRS conducted an accounting review of the garnishment orders in 2023 and determined that there were no issues. (*Id.* at 2.) He claims that the acceptance of the accuracy of review was signed by Lehigh County Court of Common Pleas Judge Melissa Pavlack. (*Id.*)

Parker alleges that he obtained a copy of his credit report in 2023 indicating that DRS receives two collection payments of $556 and $159 each month. (*Id.*) He asserts, however, that the SSA has been garnishing his benefits "at $717 and $200 per month." (*Id.*) In 2024, Parker obtained an accounting record from DRS indicating that it received $556 and $159 per month. (*Id.*) He alleges that the "garnishment activity from March 2023 till August 2024" provides "indisputable proof of error." (*Id.*) In other words, Parker contends that the SSA is garnishing his benefits by $917 per month, but the DRS is only receiving $715 per month.[2] (*Id.*)

---

[2] Relying on the amounts indicated by Parker in his statement of facts, the total amount allegedly received by DRS is $715 per month. (Compl. Ex. at 2.) In the Complaint, Parker indicates that the amount received by DRS each month is $717. (Compl. at 4.)

Parker asserts a claim for "gross negligence," contending that more than $4,000 of his money is missing since his SSA retirement benefits began in March 2023. (*Id.*) As relief, Parker requests that the missing money be returned to him or credited to his DRS account. (Compl. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Parker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Parker is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Parker alleges that the SSA's garnishment of his retirement benefits by an amount greater than the amount allegedly paid to the DRS is unlawful. To the extent that Parker is challenging the garnishment of his SSA retirement benefits pursuant to child support orders issued by the DRS, federal courts do not have subject matter jurisdiction to hear a challenge to the garnishment efforts of the United States and federal agencies. *See* 42 U.S.C. § 659(f) (prohibiting civil actions seeking to challenge the garnishment efforts of the United States and federal agencies); *El-Amin v. Comm'r of Soc. Sec.*, No. 23-2209, 2023 WL 7123775, at *4 (3d Cir. Oct. 30, 2023) (*per curiam*) (stating that 42 U.S.C. § 659(f)(1) "enacts an absolute shield to government liability for payments made 'pursuant to legal process regular on its face.'" (quoting *United States v. Morton*, 467 U.S. 822, 834-36 (1984)). As relevant here, § 659 "permits the federal government to serve as a third-party garnishee with respect to Social Security benefits paid to individuals who are in a[r]rears in their child support." *Ndika v. Maranon*, 2017 WL 819869, at *2 (E.D. Va. Mar. 2, 2017), *aff'd as modified*, 700 F. App'x 290 (4th Cir. 2017) (citing 42 U.S.C. §§ 659(a), 659(h)(1)(A)(ii)(II)). There are no allegations in the Complaint indicating that the garnishment orders issued by the DRS were invalid or not made pursuant to legal process. In fact, Parker asserts that the orders in question were reviewed by Lehigh County Court of

Common Pleas Judge Pavlack in 2023, who determined that the garnishment orders were accurate. (Compl. Ex. at 2.) Accordingly, this Court lacks jurisdiction over Parker's claims. *See El-Amin*, 2023 WL 7123775, at *5 (affirming dismissal of complaint for lack of subject matter jurisdiction and upholding District Court's determination that state court writ of garnishment was made "pursuant to legal process regular on its face"); *Muhammad v. Comm'r of Soc. Sec.*, No. 23-2128, 2024 WL 3272267, at *4 (D.N.J. July 2, 2024)(same); *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 32 (11th Cir. 2010) (same); *Dockery v. Berryhill*, 2019 WL 2480046, at *5 (E.D. Va. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 1379933 (E.D. Va. Mar. 27, 2019) (facts alleged did not support a plausible finding that state court order appeared improper on its face); *Dockery v. Comm'r, Soc. Sec.*, 2016 WL 3087453, at *3 (D. Md. June 1, 2016) (same).

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Parker leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. Parker cannot cure the defects in his Complaint, so he will not be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An Order follows, which shall be docketed separately.

BY THE COURT:

 /s/ Mitchell S. Goldberg
**MITCHELL S. GOLDBERG, J.**